IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02630-WJM-MEH

ROY WAKE,

    Plaintiff,

v.

SSC GREELEY CENTENNIAL OPERATING COMPANY, LLC, a Delaware limited liability company, and
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, a Delaware limited liability company,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 1, 2012**.

    Defendants' Motion for Leave to Designate Non Parties at Fault Pursuant to C.R.S. § 13-21-111.5(3)(b) [filed July 31, 2012; docket #23] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A, which states,

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the *specific efforts* to comply with this rule.

(emphasis added).  The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A.  *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).