IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02630-WJM-MEH

ROY WAKE,

    Plaintiff,

v.

SSC GREELEY CENTENNIAL OPERATING COMPANY, LLC, a Delaware limited liability company, and
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, a Delaware limited liability company,

    Defendants.

---

**ORDER ON:**

**DEFENDANTS' MOTION TO DESIGNATE NON PARTIES
AT FAULT PURSUANT TO C.R.S. § 13-21-111.5(3)(b)**

*AND*

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' EXPERT
DISCLOSURES REGARDING FAULT OF UNDESIGNATED SUBSEQUENT
MEDICAL PROVIDERS**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendants have filed a Motion for Leave to Designate Non Parties at Fault Pursuant to C.R.S. § 13-21-111.5(3)(b) [filed August 6, 2012; docket #26]. Plaintiff has filed a related Motion to Strike Portions of Defendants' Expert Disclosures Regarding Fault of Undesignated Subsequent Medical Providers [filed September 25, 2012; docket #39]. The matters are sufficiently briefed, and the Court believes oral argument would not materially assist the Court in adjudicating the motions. For the following reasons, the Defendants' motion is **granted** and Plaintiff's motion is **denied**.

**I.**    **Background**

It is undisputed that while in the care of Centennial Healthcare Center ("Centennial") on October 11, 2009, Helen Wake fell during a lift transfer. She sustained a hip and leg fracture and other potential injuries. She was taken to North Colorado Medical Center ("Medical Center") under the care of Dr. Michael T. Randle. She died the next day, at the Medical Center. The cause of death was identified as the fall that occurred at Centennial. This lawsuit ensued, contending that Centennial was responsible for Ms. Wake's death. The Complaint was filed October 7, 2011.

The Defendants obtained medical records concerning Ms. Wake's care at the Medical Center on July 9, 2012 from Plaintiff's counsel, for use by their expert in this case, Dr. Gregory Gahm. After his review of the records, Dr. Gahm informed the Defendants that he believed the Medical Center and Dr. Randle breached their duty of care for Ms. Wake, contributing to or, perhaps, causing her death. Defendants, contending that they had, through discovery, learned of the potential fault of the Medical Center and Dr. Randle, now seek leave to designate these as nonparties at fault under Colorado law. Plaintiff opposes the requested relief, and consequently moves to strike the opinion of Dr. Gahm insofar as it places fault on Dr. Randle and the Medical Center as potential nonparties.

**II.    Analysis**

For a designation of a non-party to be proper, the moving party must give notice of the designation within ninety (90) days of the commencement of the action, unless the court considers a longer period necessary. Colo. Rev. Stat. § 13-21-111.5(3)(b). The notice must set forth the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." *Id*.

In *Redden v. SCI Colorado Funeral Servs.*, 38 P.3d 75 (Colo. 2001) (en banc), the Colorado

Supreme Court held that "[c]ourts should construe [nonparty] designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* at 80 (citing cases). The court stated, "Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." *Id.* at 81 (emphasis added). Further, the following elements should be considered when determining whether to extend the 90-day filing deadline:

(1) Was the neglect excusable?

(2) Do the Defendants allege a meritorious claim or defense?

(3) Is relief from the 90-day deadline consistent with equitable considerations?

*Id.* at 84.

A party seeking to designate a nonparty at fault need not prove the nonparty's fault or negligence, but the submission must "go beyond bald allegation"; that is, "[a] proper nonparty designation connects alleged facts with the established elements of negligence." *Redden*, 38 P.3d at 81. In other words, "a nonparty-at-fault designation is improper when the moving defendant fails to establish a *prima facie* case that the potential nonparty breached a legal duty to the plaintiff." *Stone v. Satriana*, 41 P.3d 705, 709 (Colo. 2002).

Defendants make the simple case that only in July 2012 did they reasonably learn of the potential contribution of the Medical Center and Dr. Randle in Ms. Wake's outcome. Their expert, Dr. Gahm, contends that Ms. Wake could (or perhaps would) have survived her fall at Centennial had she been afforded proper medical care thereafter. Therefore, they should be afforded an extension on the 90-day filing requirement by the statute's own terms, *i.e.*, a longer period is reasonably necessary here. Plaintiff's opposition to the motion is several fold.

First, Plaintiff contends that Defendants have been aware of the factual basis of Plaintiff's claim (that Centennial cause Ms. Wake's death) for three years now.

> Mrs. Wake was dropped from a lift by the negligence of Defendants. Dr. Randle, the doctor Defendants now want to designate, certified the cause of death as an ... accident from this fall, which caused multiple fractures and resulting fatal sequelae including internal bleeding. ... Mrs. Wake went to the hospital for care for these fractures and died the next day before surgery could even be attempted.

Response, ¶¶ 14-15, docket #38 at 4. Taking this information, Plaintiff incongruently argues that this is "not a case where Defendants have diligently pounded the pavement looking for other tortfeasors. By their own account in their Motion, no one even looked at this question until expert reports were becoming due . . . ." *Id.* at ¶ 23. I disagree with Plaintiff's reasoning. Plaintiff himself makes the strongest argument for granting Defendants' motion here: knowing what everyone knew in 2009, why would anyone think that Dr. Randle or the Medical Center had anything to do with Ms. Wake's outcome? Only when Defendants obtained medical records and their expert, Dr. Gahm, found evidence to believe that a medical care professional contributed to that outcome, did anyone have reason to look elsewhere, especially when the now-accused Dr. Randle is the person who certified the death as being attributed to the fall.

I find excusable neglect here, not the least basis for which is the caution that anyone should take before accusing a medical care professional of negligence, even when the statute of limitations for suing the professional has passed. Moreover, the following passage from *Redden* is apropos here:

> When a claimant levels a negligence or fault claim against a professional, that professional is judged according to the tenets of the field to which he or she belongs. . . . The successful claimant will therefore demonstrate that the professional's conduct fell below the standard of care appropriate to the profession. Expert testimony is generally necessary to assist the trier of fact in determining the applicable standards because in most cases such standards are not within the purview

4

of ordinary persons.

38 P.3d at 81. In light of this principle, I find it perfectly tenable that only through the assistance of Dr. Gahm did the Defendants reasonably have knowledge sufficient to name Dr. Randle and the Medical Center as potentially responsible nonparties.

Next, Plaintiff contends that Defendants have not raised a meritorious defense or claim. I disagree. Plaintiff's argument is that because Defendants do not deny Ms. Wake fell (and, thus, suffered the original injuries) while in their care and, thus, cannot be relieved of liability through whatever Dr. Randle and the Medical Center did, the proposed designation is improper. The opposite is true. The *Redden* opinion recognized "[a] defense that the defendant did not cause the plaintiff's injuries is not equivalent to the designation of a non-party because it cannot result in apportionment of liability, but rather is a complete defense if successful. Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." *Id.* Defendants' proposed nonparty designation does not seek to completely absolve Defendants of liability, but rather to designate someone who *also* might be at fault and who contributed to the overall liability. In my opinion it is a perfectly appropriate claim for a designation of nonparty. Under Defendants' theory, Dr. Randle and the Medical Center might be responsible for some of the potential liability here; certainly, Plaintiff is entitled to recover damages both for the pain and suffering incurred prior to death and for the death itself. If a nonparty played a role in either element of damages, their respective fault should justly be considered under Colorado law.

Finally, as to equitable considerations, the designation would cause no prejudice to the Plaintiff other than diminution of a potential recovery, which is what the Colorado statute intends

to occur in any event.  Further, the designation will cause no discernible delay in the case and, although it may occasion some additional discovery, the ultimate aim of a lawsuit is the truth, and if, as Defendants assert, some other parties are responsible for the fate of Ms. Wake, justice requires discovery into their actions.

Necessarily, because I find the designation of Dr. Randle and the Medical Center proper, Plaintiff's motion to strike Dr. Gahm's report insofar as it discusses these nonparties' negligence must be denied.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff/Counter-Defendants' Motion for Leave to Designate Non Parties at Fault Pursuant to C.R.S. § 13-21-111.5(3)(b) [filed August 6, 2012; docket #26] is **granted**, and the Clerk of the Court is directed to file the proposed Defendants' Designation of Non Parties at Fault Pursuant to C.R.S. § 13-21-111.5(3)(b) (Exhibit A to Defendants' Motion, docket #26-1) on the docket.  Plaintiff's Motion to Strike Portions of Defendants' Expert Disclosures Regarding Fault of Undesignated Subsequent Medical Providers [filed September 25, 2012; docket #39] is **denied**.

Dated at Denver, Colorado, this 18th day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge