IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02630-WJM-MEH

ROY WAKE,

    Plaintiff,

v.

SSC GREELEY CENTENNIAL OPERATING COMPANY, LLC, a Delaware limited liability company, and
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, a Delaware limited liability company,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Amend the Complaint to Add Exemplary Damages [filed October 19, 2012; docket #44]. The motion has been referred to this Court for disposition. (Docket #45.) In consideration of the entire record and for the reasons set forth below, Plaintiff's motion is **granted**.

**I.   Factual Background**

1. In this case, Plaintiff brings a wrongful death claim against Defendants arising out of an incident on October 11, 2009 at the Centennial Health Care nursing home. A certified nurse assistant (CNA), Jose Herrera, was operating a mechanical lift to transfer Helen Margaret Wake, age 89 and a resident of the facility, from her bed to a chair. During the transfer, which the CNA was attempting by himself, Mrs. Wake was dropped. She died the next day.

2. Plaintiff contends that the CNA, in attempting the transfer without assistance, violated company policy.

3. Plaintiff also contends that the wrong type of lift was used to attempt to transfer Mrs. Wake.

4. Plaintiff further contends that the lift was defective, in that it had been recently repaired using the wrong type of clips. Plaintiff alleges that Defendants' Maintenance Director, Robert Castillo, knew that the lift needed repair but had knowingly taken the clips from a different, incompatible lift and placed them on the lift in issue. Plaintiff has alleged, and the evidence appears to support, some causal relationship between the improper clip and the accident.

## II. Applicable Legal Standards

Colo. Rev. Stat. § 13-21-102 governs Plaintiff's present motion. In a civil action under Colorado law in which damages are assessed by a jury, a party may recover exemplary damages when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct[.]" Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). Though a party may not assert a claim for exemplary damages in his or her original pleading, Colo. Rev. Stat. § 13-21-102(1.5)(a) provides that "a claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures [pursuant to Colo. R. Civ. P. 26] and the plaintiff establishes prima facie proof of a triable issue." The Colorado Supreme Court has observed that requiring a plaintiff to provide prima facie evidence of an exemplary damages claim is "a lenient standard," and that "[a] plaintiff should have an opportunity to test the merits of any claim for relief that is supported by the underlying facts of a case." *Stamp v. Vail Corp.*, 172 P.3d 437, 450 (Colo. 2007) (interpreting the exemplary damages provisions of Colo. Rev. Stat. § 13-21-203).

In this case, there is no dispute that parties have exchanged initial disclosures in accordance with Colo. R. Civ. P. 26.  Thus, the only remaining question is whether Plaintiffs have established prima facie proof of a triable issue with respect to exemplary damages.

**III.    Discussion**

Plaintiff's primary argument is that the Defendants' Maintenance Director, Robert Castillo, knew that the mechanical lift was in a state of disrepair but consciously kept it in service and tried to make it serviceable by using the wrong kind of clip to repair it.  In his opening brief, the Plaintiff does not rely on the fact that the CNA was operating the lift by himself and only briefly mentions this fact in the reply.

Although I do not view that, in its current posture, this as a strong case for exemplary damages and is perhaps a close issue for summary judgment, I believe Plaintiff has made "'a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.'" *Stamp*, 172 P.3d at 449 (citation omitted).  Under Colorado law, "willful and wanton conduct" is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b).  The Colorado appellate courts have concluded that malice in the context of exemplary damages may be found from the "'reckless and wanton acts of the injuring party such as disclose an utter disregard of consequences, aside from any intentional malice in its odious or malevolent sense.'" *Cohen v. Fox*, 26 Colo. App. 55, 58, 141 P. 504, 505 (1914), *quoted in Bonidy v. Vail Valley Center for Aesthetic Dentistry, P.C.*, 232 P.3d 277, 286 (Colo. App. 2010).  There is a reasonable likelihood that Castillo's actions could be found to show an utter disregard of consequences to patients who need

to be moved using the mechanical lift, for purposes of submitting the issue to a jury.[1]

Defendants assert Castillo was not a sufficiently significant supervisor to hold the Defendants liable for exemplary damages that might arise from his conduct. They state that for corporate liability to attach for exemplary damages, the agent of the corporation who committed the wrongful or tortious act must be employed in a managerial capacity and be acting within the scope of employment. Defendants have classified him as a non-exempt employee under the Fair Labor Standards Act. However, Defendants admit that Castillo was responsible for keeping resident equipment in good working order, and that he reports directly to the Nursing Home Administrator. Plaintiff points out that the Maintenance Director supervises maintenance personnel. He is also responsible for hiring such persons. This is a facility with over 100 beds. I believe that Defendants draw too narrow a circle for supervisory responsibility. I find that Colorado law would contemplate the Defendants being responsible for the actions of a Maintenance Director under these facts.

## **CONCLUSION**

For the reasons set forth herein and based on the entire record, the Court **grants** Plaintiff's Motion to Amend the Complaint to Add Exemplary Damages [filed October 19, 2012; docket #44]. The Clerk of the Court is directed to file the First Amended Complaint, located at docket #44-1. Defendants shall respond to the amended pleading in accordance with Fed. R. Civ. P. 15(a).

Dated at Denver, Colorado, this 18th day of December, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] In the reply brief, Plaintiff also suggests that these facts involve "circumstances of fraud." I do not agree and find no allegation supporting such a theory.